Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
Heather Frierson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER FRIERSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATES RECOVERY SYSTEMS ) <br> ) <br> Defendant. ) <br> ) | Case No.: <br><br> CIVIL COMPLAINT <br> AND <br> JURY TRIAL DEMAND |

**CIVIL COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff, Heather Frierson, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the States Recovery Systems (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages arising from Defendant's violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Code § 1788 *et seq.*, which both prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**JURSIDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C § 1367.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff, Heather Frierson, is a natural person, who at all relevant times has resided in the Sacramento, California, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant is a corporation that does business in the State of California using the mails in a business the principal purpose of which is the collection of debts, with its principal address as 2491 Sunrise Blvd., Gold River, California, 95670, and is a "debt collector" as defined by 15 U.S.C § 1692a(6).

## FACTUAL STATEMENT

6. Plaintiff incurred an alleged debt from the original creditor Sacramento Municipal Utility District (hereinafter "SMUD").

7. Plaintiff's alleged debt is an obligation to pay arising out of a transaction incurred for personal, family, or household purposes.

8. Upon sending Plaintiff's alleged debt into collections, SMUD charged off a balance of $127.92 allegedly owed to it.

9. The alleged debt was referred to the Defendant for the purposes of collection.

10. Upon receiving the account from SMUD, Defendant placed two tradelines on Plaintiff's credit report under two different account numbers, the first account for sixty-nine dollars and the second account for fifty-eight dollars.

11. When Plaintiff wanted to open a new account with SMUD at a new address, she was informed that she had an outstanding account balance for a prior address and Plaintiff asked for verification of that outstanding balance.

12. In response, SMUD sent a letter dated August 17, 2016 stating that Plaintiff owed a balance of $127.92 for an account number ending in 2013.

13. Thereafter, Plaintiff obtained a copy of her credit report and saw that Defendant had placed two tradelines on Plaintiff's credit report under two different account numbers, the first account for sixty-nine dollars and the second account for fifty-eight dollars

14. On August 30, 2016, after learning of Defendant's incorrect reporting, Plaintiff sent a dispute letter to Defendant.

15. On October 11, 2016, Defendant sent Plaintiff a response stating "attached find the documentation provided by our client that substantiates the obligation that is assigned for collection."

16. The documentation provided by Defendant in its October 11, 2016 correspondence however did not validate that there were two accounts in the amounts of sixty-nine dollars and fifty-eight dollars respectively, but instead provided support for the existence of one account in the amount of $127.92 for an account number ending in 2013.

17. As the alleged debt involves one account number with a balance of $127.92 owed to SMUD, Defendant improperly reported the account by splitting it into two different tradelines on Plaintiff's credit report.

18. Defendant failed to correct its erroneous tradelines on Plaintiff's credit report in response to Plaintiff's dispute when it communicated with the credit bureaus regarding the debt in September 2016.

19. The reporting of two separate collection accounts by Defendant when only one existed in fact harmed Plaintiff by adversely impacting her credit score.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692e(8)

20. Plaintiff repeats the allegations contained in paragraphs 1 through 16 and incorporates them as set forth at length herein.

21. Defendant reported Plaintiff's account to Plaintiff's credit report in a manner it knew to be false as it did not match the account information provided by SMUD.

22. Defendant's actions violated 15 U.S.C. § 1692e(8) which prohibits communicating to any person credit information which is known or should be known to be false.

## COUNT II
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(2)

23. Plaintiff repeats the allegations contained in paragraphs 1 through 19 and incorporates them as if specifically set forth at length herein.

24. Defendant falsely represented the character and amount of Plaintiff's debt by reporting the account with SMUD to Plaintiff's credit report as two separate delinquent accounts.

25. Defendant's credit reporting is a violation of 15 U.S.C. § 1692e(2) which prohibits false and misleading representations as to the character, amount, or legal status of a debt.

## COUNT III
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## CALIFORNIA CIVIL CODE §1788.17

26. Plaintiff repeats the allegations contained in paragraphs 1 through 22 and incorporates them as set forth at length therein.

27. Defendant has violated the FDCPA and has therefore violated § 1788.17 which states that violations of 15 U.S.C § 1692b through 15 U.S.C. § 1692j are violations of California Civil Code § 1788.17.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## RELIEF

WHEREFORE, Plaintiff, Heather Frierson, requests that this Court enter judgment against the Defendant, and on behalf of Plaintiff for the following:

a. That an order be entered in favor of the Plaintiff Heather Frierson declaring the Defendant's actions, as described above, in violation of the FDCPA;

b. That judgment be entered in favor of the Plaintiff Heather Frierson against the Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

c. That judgment be entered in favor of Plaintiff Heather Frierson against the Defendant for statutory damages of $1,000 for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2);

d. That the court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3);

e. That judgment be entered in favor of Plaintiff Heather Frierson against Defendant for a violation of the Rosenthal Fair Debt Collections Practices Act;

f. That the Court award statutory damages of $1,000 to Plaintiff Heather Frierson for the Rosenthal Fair Collection Practices Act violations in accordance with § 1788.30(b) of the California Civil Code;

g. That the Court grant such other and further relief as may be just and proper.

Dated this 13th Day of April 2017:

                    RESPECTFULLY SUBMITTED,

By: *<u>Rory Leisinger</u>*
Rory Leisinger, Esq.
118 N. Citrus Ave, Suite B
Covina , CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
Heather Frierson