Mark E. Ellis - 127159
Anthony P. J. Valenti - 284542
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
avalenti@ellislawgrp.com

Attorneys for Defendant STATES RECOVERY SYSTEMS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER FRIERSON,<br><br>        Plaintiff,<br><br>v.<br><br>STATES RECOVERY SYSTEMS,<br><br>        Defendant.. | Case No.: 2:17-CV-00781-WBS-EFB<br><br>**DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date: June 12, 2017<br>Time: 1:30 p.m.<br>Courtroom: 5, 14th Floor<br>HONORABLE WILLIAM B. SHUBB |

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| I. INTRODUCTION | 1 |
| II. FACTUAL ALLEGATIONS | 3 |
| III. LEGAL STANDARDS | 5 |
| IV. LEGAL ANALYSIS | 6 |
|    A. Defendant's Statements, Which Totaled The Correct Amount, Were Not Misrepresentations. | 7 |
|    B. Defendant's Statements Are Not Actionable Because They Were Not Material Misrepresentations. | 7 |
|    C. Plaintiff Has Failed to Satisfy The Pleading Requirements By Stating Facts Sufficient to Support Her Claim for Damages. | 10 |
| V. CONCLUSION | 11 |

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# TABLE OF AUTHORITIES

PAGE

### Cases

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) .................................................................. 2, 3, 5, 6, 11

*Barron v. Reich,* 13 F.3d 1370 (9th Cir. 1994) .................................................................... 5

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................ 2, 3, 5, 11

*Branch v. Tunnell,* 14 F.3d 449 (9th Cir. 1994) .................................................................. 6

*Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687 (7th Cir. 2012) ..................... 6

*Bryant v. Avado Brands, Inc.,* 187 F.3d 1271 (11th Cir. 1999) .......................................... 6

*Clegg v. Cult Awareness Network,* 18 F.3d 752 (9th Cir. 1994) ........................................ 5

*Donahue v. Quick Connect, Inc.,* 592 F.3d 1027 (9th Cir. 2010) ........................ 2, 7, 8, 9, 10

*Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002) .................................. 6

*Knievel v. ESPN,* 393 F.3d 1068, 1076-1077 (9th Cir. 2005) ............................................ 6

*Navarro v. Block,* 250 F.3d 729 (9th Cir. 2001) ................................................................. 5

*Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,*
    998 F.2d 1192 (3rd Cir. 1993) ....................................................................................... 6

*Renick v. Dun & Bradstreet Receivable Management Services,*
    290 F.3d 1055 (9th Cir. 2002) ....................................................................................... 3

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308 (2007) .................................... 6

### Statutes

15 U.S.C. § 1692e ................................................................................................................ 3

California Civil Code § 1788.17 .......................................................................................... 3

### Other Authorities

O'Connell & Stevenson, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial
    § 9:212.1 (Rutter Group 2017) ...................................................................................... 6

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# I. INTRODUCTION

Defendant STATES RECOVERY SYSTEMS, INC. (erroneously sued as STATES RECOVERY SYSTEMS) hereby moves to dismiss the Complaint filed by Plaintiff HEATHER FRIERSON, and each and every claim contained therein, with prejudice, on the grounds that it fails to state any claim against Defendant. *See* F.R.C.P. 12(b)(6).

This matter arises out of Defendant's alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq*. (Plaintiff's Complaint (Dkt. 1), ¶ 1.)

According to Plaintiff, "Defendant's actions violated 15 U.S.C. § 1692e(8) which prohibits communicating to any person credit information which is known or should be known to be false." (*Id.* at ¶ 22.) In support of her allegations, Plaintiff claims: "Defendant reported Plaintiff's account to Plaintiff's credit report in a manner it knew to be false as it did not match the account information provided by SMUD." (*Id.* at ¶ 21.)

In addition, Plaintiff alleges that "Defendant's credit reporting is a violation of 15 U.S.C. § 1692e(2) which prohibits false and misleading representations as to the character, amount, or legal status of a debt." (*Id.* at ¶ 25.) In support of this claim, Plaintiff alleges that "Defendant falsely represented the character and amount of Plaintiff's debt by reporting the account with SMUD to Plaintiff's credit report as two separate delinquent accounts." (*Id.* at ¶ 24.)

Finally, Plaintiff also alleges that Defendant's alleged FDCPA violations constitute a violation of the RFDCPA pursuant to California Civil Code § 1788.17. (*Id.* at ¶ 27.)

Contrary to Plaintiff's allegations, Defendant did not falsely report Plaintiff's credit information or make any false or misleading representations regarding the character, amount, or legal status of Plaintiff's debts. As referenced in Plaintiff's Complaint, Sacramento Municipal Utility District sent Defendant proof of Plaintiff's underlying debts which are based upon two separate SMUD bills for two different dates of utilities services: (1) 06/26/15 – 07/27/15; and (2) 07/28/15 – 08/28/15. (Declaration of Cindy Marler, **Exhibit A**.) SMUD billed Plaintiff $58.06 for the first period of utilities service and $69.86 for a second period of utilities service. (*Id.*)

Based on the foregoing, "Defendant placed two tradelines on Plaintiff's credit report under two

different account numbers, the first account for sixty-nine dollars and the second account for fifty-eight dollars." (Plaintiff's Complaint, ¶ 10.) Plaintiff judicially admits "the alleged debt involves...a balance of $127.92 owed to SMUD..." (*Id.* at ¶ 17.) Thus, the total amount which was owed by Plaintiff and reported by Defendant is <u>not</u> in dispute. The only question is whether Defendant violated the FDCPA by reporting Plaintiff's debt as two separate, smaller account balances, rather than one, larger balance.

As explained herein, Defendant's alleged conduct does not give rise to a statutory violation of the FDCPA because the <u>total</u> amount reported was, in fact, correct. *See Donahue v. Quick Connect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) (finding no violation of 15 U.S.C. § 1692e where the total debt owed was accurately stated). Moreover, even *if* Defendant's reporting was somehow "technically incorrect," such conduct is not actionable because the alleged misrepresentations, if any, would not have misled the "least sophisticated consumer" and, therefore, are not material. *Id.* at 1033-1034 (applying materiality requirement to FDCPA misrepresentation claims under 15 U.S.C. § 1692e).

As in *Donohue*, Defendant's alleged conduct did not undermine Plaintiff's ability to intelligently choose her action concerning her debt, and she still could have "challenged the accuracy or legality of the total debt and principal owed, futile as that may have been, or [she] could have paid the accurately stated sum to settle her debt." *Id.* at 1034. In fact, by breaking down the total amount owed into two, smaller balances based on two different transactions of utilities services, Defendant may well have assisted Plaintiff in being able to more accurately dispute the underlying debts. *Id.*

Moreover, Plaintiff has not alleged facts sufficient to support her claim for damages under the well-established pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Here, Plaintiff makes conclusory allegations that she is a "consumer" and Defendant is a "debt collector" under the FDCPA. (Complaint, ¶¶ 4-5.) She also alleges, without any supporting facts, that the underlying debts are obligations to pay arising out of transaction incurred for "personal, family, or household purposes." (*Id.* at ¶ 7.) Finally, Plaintiff claims Defendant's alleged conduct in reporting her debts as two, smaller balances "harmed Plaintiff by adversely impacting her credit score." (*Id.* at ¶ 19.)

These naked assertions, bereft of any factual support, do not satisfy Plaintiff's obligation to

- 2 -

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

provide the grounds for her entitlement to relief. *Twombly, supra,* 550 U.S. at 555. Rather, her deficient allegations are simply labels and conclusions amounting to a formulaic recitation of the elements of her causes of action. *Id.* Plaintiff's allegation that her credit score was somehow more adversely impacted than it would have been if Defendant had reported her debts as one, larger balance amounts to exactly the type of "unadorned, the-defendant-unlawfully-harmed-me-accusation" expressly denounced by the United States Supreme Court. *Iqbal, supra,* 556 U.S. at 678. Consequently, her Complaint lacks the "factual enhancement" required to state a plausible claim for relief and should be dismissed. *Id.* at 678-679.

Finally, Plaintiff alleges no independent violations of the RFDCPA. Therefore, because Defendant's alleged conduct does not violate the FDCPA, Plaintiff also has no viable claim under the RFDCPA since her allegations under the state statute (California Civil Code § 1788.17) are completely derivative of her claims under the federal statute (15 U.S.C. § 1692e). *Renick v. Dun & Bradstreet Receivable Management Services,* 290 F.3d 1055, 1058 (9th Cir. 2002).

As Plaintiff has failed to allege sufficient facts to support any claim against Defendant, this Court should dismiss Plaintiff's Complaint, and each and every claim therein, with prejudice. F.R.C.P. 12(b)(6).

## II.   FACTUAL ALLEGATIONS

According to Plaintiff's Complaint, she incurred an alleged debt to SMUD. (Plaintiff's Complaint, ¶ 6.) Plaintiff makes conclusory allegations that the alleged debt is "an obligation to pay arising out of a transaction incurred for personal, family, or household purposes." (*Id.* at ¶ 7.) SMUD allegedly referred Plaintiff's debt, an outstanding balance owed of $127.92, to Defendant for collection. (*Id.* at ¶¶ 8-9.)

"Defendant placed two tradelines on Plaintiff's credit report…" (*Id.* at ¶ 10.) The first was for $58.06 and the second was for $69.86. (*Id.*)

When Plaintiff attempted to open a new SMUD account at a new address, she was informed she had an outstanding balance for a prior address. (Plaintiff's Complaint, ¶ 11.) Plaintiff requested verification of the outstanding balances and, on August 17, 2016, SMUD sent Plaintiff a letter stating she owed a <u>total</u> of $127.92. (*Id.* at ¶¶ 11-12.)

- 3 -

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Thereafter, Plaintiff obtained a copy of her credit report and learned Defendant had discreetly reported the $127.92 as two separate, smaller balances of $58.06 and $69.86, respectively, which in fact were accurate (because they involved two different bills for two different periods of service). (*Id.* at ¶ 13; **Exh. A**, p. 2.) On August 30, 2016, Plaintiff sent Defendant a letter disputing Defendant's "incorrect reporting." (*Id.* at ¶ 14.)

On October 11, 2016, Defendant sent Plaintiff a response enclosing a statement from SMUD. (*Id.* at ¶ 15; **Exh. A**, pp. 1-2.) As explained above, the SMUD statement evidences the fact that Plaintiff's debts arise from two separate dates of service; she owes $58.06 for utilities services provided by SMUD from June 26, 2015 through July 27, 2015. (**Exh. A**, p. 2.) She also owes $69.86 for utilities services provided by SMUD from July 28, 2015 through August 28, 2015. (*Id.*) These two separate balances were *separately* referred, by dates of service, to Defendant for collection on June 16, 2015.

Plaintiff judicially admits the total amount she owes is $127.92 but claims the debts were improperly reported as two separate, smaller balances on her credit report. (Plaintiff's Complaint, ¶ 17.) What Plaintiff fails to explain is that the two separate amounts Defendant allegedly reported are for two separate dates of SMUD services. Notwithstanding this fact, Plaintiff alleges "Defendant failed to correct its erroneous tradelines on Plaintiff's credit report in response to Plaintiff's dispute when it communicated with the credit bureaus regarding the debt in September 2016." (*Id.* at ¶ 18.) Further "[t]he reporting of two separate collection accounts by Defendant when only one existed in fact harmed Plaintiff by adversely impacting her credit score." (*Id.* at ¶ 19.)

Based on the foregoing, Plaintiff alleges Defendant violated 15 U.S.C. § 1692e(8) by "reporting Plaintiff's account to Plaintiff's credit report in a manner it knew to be false as it did not match the account information provided by SMUD." (*Id.* at ¶¶ 20-22.) In addition, Plaintiff alleges Defendant violated 15 U.S.C. § 1692e(2) by "falsely represent[ing] the character and amount of Plaintiff's debt by reporting the account with SMUD to Plaintiff's credit report as two separate delinquent accounts." (*Id.* at ¶¶ 23-25.) As noted above, Plaintiff alleges that Defendant's conduct also gives rise to a derivative violation of the RFDCPA pursuant to California Civil Code § 1788.17. (*Id.* at ¶¶ 26-27.)

### III. LEGAL STANDARDS

A motion to dismiss under Federal Rules of Civil Procedure 12b(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of Rule 12b(6), "claim" means a set of facts that, if established, entitle the pleader to relief. *Twombly, supra*, 550 U.S. at 555.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal, supra*, 556 U.S. at 678 (citations omitted).

When evaluating a motion to dismiss, the court generally accepts the material factual allegations in the complaint as true, and construes them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). The court is not required, however, to accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Iqbal, supra*, 556 U.S. at 678.

*Iqbal* and *Twombly* contemplate a two-step analysis to determine whether a complaint has been sufficiently pled to overcome a motion to dismiss. First, bare legal conclusions are not accepted as true for purposes of the complaint's sufficiency. *Iqbal, supra*, 556 U.S. at 678-679 (citing *Twombly, supra*, 550 U.S. at 555). Second, the court reviews the factual allegations to determine if they plausibly suggest entitlement to relief. *Iqbal, supra*, 556 U.S. at 678-81 (analyzing *Twombly*). As noted by the United States Supreme Court in *Iqbal*:

> "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' <u>but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation</u>. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'"

*Id.* at 678 (citations omitted; emphasis added).

Thus, to satisfy the Rule 8 pleading standards articulated in *Iqbal* and *Twombly*, Plaintiff's

- 5 -

factual allegations must sufficiently state a claim for relief for each of the violations of the FDCPA and RFDCPA that she alleges in her Complaint. *Iqbal, supra*, 556 U.S. at 678. As discussed herein, Plaintiff has failed to satisfy this burden, and her Complaint should be dismissed. F.R.C.P. 12(b)(6).

In addition, a defendant may attach documents referred to in the complaint to show that they do not support a plaintiff's claim. O'Connell & Stevenson, Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 9:212.1 (Rutter Group 2017) (*citing Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir. 1994) (*overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1127 (9th Cir. 2002)); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281, fn. 16 (11th Cir. 1999); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (court ruling on motion to dismiss must consider entire complaint and other sources incorporated by reference as well as judicially noticeable matters)).

This "incorporation by reference" doctrine allows the court to look beyond the pleadings without converting the 12(b)(6) motion into a motion for summary judgment. O'Connell & Stevenson, *supra*, at § 9:212.1b (*citing Knievel v. ESPN,* 393 F.3d 1068, 1076-1077 (9th Cir. 2005); *Brownmark Films, LLC v. Comedy Partners,* 682 F.3d 687, 690 (7th Cir. 2012)). It also prevents a plaintiff with a legally deficient claim from surviving a motion to dismiss simply by failing to attach a dispositive document on which it relied. O'Connell & Stevenson, *supra,* at § 9:212.1a (*citing Pension Benefit Guar. Corp. v. White Consolidated Industries, Inc.,* 998 F.2d 1192, 1196 (3rd Cir. 1993); *Brownmark, supra,* 682 F.3d at 690).

In this case, Plaintiff expressly incorporated by reference Defendant's October 11, 2016 letter enclosing certain documentation which Defendant received from SMUD and which establishes that Plaintiff's underlying debts arose from two separate debts for two separate dates of utilities services provided by SMUD. (Plaintiff's Complaint, ¶ 15.) Although Plaintiff failed to attach Defendant's October 11, 2016 letter to her Complaint, it was expressly incorporated into Plaintiff's Complaint by reference and is attached as **Exhibit A** to the Declaration of Cindy Marler offered in support of Defendant's motion to dismiss.

## IV. LEGAL ANALYSIS

Plaintiff's action revolves around one question: "Does Defendant's reporting of Plaintiff's debt as two, smaller balances (of $58.06 and $69.86) rather than one, larger balance (of $127.92) constitute

- 6 -

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

a violation of sections 1692e(2) and/or 1692e(8) of the FDCPA?" As explained below, the answer is: "No." Accordingly, Plaintiff's FDCPA claims fail, and her RFDCPA claim fails with them.

### A. Defendant's Statements, Which Totaled The Correct Amount, Were Not Misrepresentations.

Here, it is undisputed that Plaintiff's underlying debts total $127.92. (Plaintiff's Complaint, ¶¶ 8, 12, 17; **Exh. A**, p. 2.) As explained in *Donohue*, the fact that Defendant reported each separate balance of $58.06 and $69.86 does not give rise to a violation of section 1692e because such statements are <u>not</u> false, deceptive, or misleading representations. *Donahue, supra,* 592 F.3d at 1033.

As the *Donahue* court noted:

> "Turning to the merits, <u>we conclude that the Complaint did not violate §§ 1692e or 1692f. The Complaint correctly calculated the total debt Donohue owed</u>, accurately stated the principal owed, and accurately listed the total non-principal amount owed inclusive of interest and finance charges. The Complaint sought recovery of sums to which Quick Collect was clearly and lawfully entitled, including $270.99 in principal, $24.07 in late fees assessed pursuant to Children's Choice's Office Financial Policy signed by Donohue, and $8.82 in interest assessed at a lawful rate. <u>The Complaint did not contain a false, deceptive, or misleading representation for purposes of liability under §§ 1692e or 1692f just because $32.89, labeled as 12% interest on principal, was actually comprised of finance charges of $24.07 and post-assignment interest of $8.82, but not labeled as such</u>."

*Id.* at 1033 (emphasis added).

Here, Defendant correctly reported the <u>total</u> debt which Plaintiff owed ($127.92), and the two, smaller amounts owed were <u>correctly</u> reported separately based on the different dates of service. (**Exh. A**, p. 2.) Therefore, there was no false, deceptive, or misleading representation for purposes of Defendant's liability under section 1692e. *Donahue, supra,* 592 F.3d at 1033.

### B. Defendant's Statements Are Not Actionable Because They Were Not Material Misrepresentations.

Even if Defendant's statements were "technically false," they are not actionable because they do not constitute material misrepresentations. The *Donahue* decision is controlling on this issue. Accordingly, Defendant sets forth verbatim the relevant portion of that opinion below:

- 7 -

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

> "In *Hahn v. Triumph Partnerships LLC,* 557 F.3d 755 (7th Cir. 2009), Chief Judge Easterbrook concluded for a panel of the Seventh Circuit that <u>a false or misleading statement is not actionable under § 1692e unless it is material</u>. With reasoning that we consider persuasive, Chief Judge Easterbrook observed that "<u>[m]ateriality is an ordinary element of any federal claim based on a false or misleading statement</u>." *Id.* at 757 (citing *Carter v. United States,* 530 U.S. 255, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000); *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999)). <u>There is no "reason why materiality should not equally be required in an action based on § 1692e</u>." *Id.* The purpose of the FDCPA, "to provide information that helps consumers to choose intelligently," would not be furthered by creating liability as to immaterial information because "by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect)." *Id.* at 757–58. The Seventh Circuit framed materiality as a corollary to the well-established proposition that "<u>[i]f a statement would not mislead the unsophisticated consumer, it does not violate the [Act]— even if it is false in some technical sense</u>." *Id.* at 758 (quoting *Wahl v. Midland Credit Mgmt., Inc.,* 556 F.3d 643, 646 (7th Cir.2009) (alterations in original)). Thus, "<u>A statement cannot mislead unless it is material, so a false but non-material statement is not actionable</u>." *Id.* The Sixth Circuit has reached the same conclusion. *See Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596 (6th Cir. 2009) (concluding that a false but non-material statement is not actionable under § 1692e)."

*Donahue, supra,* 592 F.3d at 1033 (emphasis added).

The Ninth Circuit continued its analysis as follows:

> "We agree with the approach adopted by the Sixth and Seventh Circuits. We have consistently held that <u>whether conduct violates §§ 1692e or 1692f requires an objective analysis that considers whether "the least sophisticated debtor would likely be misled by a communication</u>." *Guerrero,* 499 F.3d at 934 (internal quotation marks omitted) (stating this standard applies to §§ 1692d, 1692e, and 1692f); *see Wade v. Reg'l Credit Ass'n,* 87 F.3d 1098, 1099–1100 (9th Cir.1996); *Swanson v. S. Or. Credit Serv., Inc.,* 869 F.2d 1222, 1227 (9th Cir. 1988). <u>We now conclude that false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under §§ 1692e or 1692f</u>.
>
> Our conclusion is in harmony with our recognition in *Clark* that "the remedial nature of the [FDCPA] ... requires us to interpret it liberally." 460 F.3d at 1176. We noted in *Clark* that the FDCPA's remedial purpose is animated by "the likely effect of various collection practices on the minds of unsophisticated debtors." *Id.* at 1179. <u>But immaterial statements, by definition, do not affect a consumer's ability to make intelligent decisions. See Hahn,* 557 F.3d at 757–58</u>. We recognize, as the

> Seventh Circuit already has, that <u>the materiality requirement functions as a corollary inquiry into whether a statement is likely to mislead an unsophisticated consumer</u>. The materiality inquiry focuses our analysis on the same ends that concerned us in *Clark*—protecting consumers from misleading debt-collection practices.
>
> <u>Applying this standard to the statement at issue in the Complaint, we conclude that it is immaterial and not actionable under §§ 1692e or 1692f</u>. We agree with the reasoning in *Hahn*, in which Chief Judge Easterbrook concluded, under analogous facts, that the statement at issue there was immaterial. *Id.* at 757. In *Hahn*, a demand letter stated that Marylou Hahn owed $1,134.55, of which $1,051.91 was the "amount due" and of which $82.64 was "interest due." *Id.* at 756. <u>Hahn argued that the letter contained a false representation concerning the character of the debt in violation of § 1692e. The total owed was conceded to be accurate</u>, but the labels for the two sums comprising the total debt were technically incorrect: $82.64, labeled "interest," included only *post-*assignment interest, and $1,051.91, labeled "amount due," included *pre-*assignment interest and principal. *Id.* <u>Similarly, here, the total owed was accurately stated in the Complaint</u>, but the label for at least one of the two sums comprising the total debt was technically incorrect: $32.89, labeled "interest ... of 12%," included pre-assignment finance charges and interest. In *Hahn*, the Seventh Circuit concluded that mislabeling a sum "interest" when it included only part of the interest owed, and mislabeling a sum "amount due" when it included both principal and interest, was not a materially false characterization of the debt. Chief Judge Easterbrook explained that "[a]pplying an incorrect *rate* of interest would lead to a real injury" but "<u>reporting interest in one line item rather than another (or in two line items) harms no one and ... may well assist some people</u>." *Id.* at 757. We conclude, consistent with *Hahn*, that the Complaint's mislabeling $32.89 as 12% interest, when $32.89 included both interest and pre-assignment finance charges, is not materially false."

*Donahue, supra,* 592 F.3d at 1033-1034 (emphasis added).

The court explained its reasoning further:

> "The reason for applying the materiality requirement is also implicated by the facts of this case. <u>In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response</u>. *See id.* Here, <u>the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt</u>. Based on the information in the Complaint, <u>Donohue could have challenged the accuracy or legality of the total debt and principal owed, futile as that may have been, or Donohue could have paid the accurately stated sum to settle her debt</u>. Even if the Complaint had separated $32.89 into interest

- 9 -

> and finance charges, <u>we can conceive of no action Donohue could have taken that was not already available to her</u> on the basis of the information in the Complaint—<u>nor has Donohue articulated any different action she might have chosen</u>. Therefore, <u>we conclude that the statement in the Complaint was not material and hence not actionable under §§ 1692e and 1692f.</u>"

*Donahue, supra,* 592 F.3d at 1034 (emphasis added).

Here, as in *Donahue*, Defendant <u>correctly</u> stated the <u>total</u> amount owed: $127.92. (Plaintiff's Complaint, ¶¶ 8, 12, 17; **Exh. A**, p. 2.) Consequently, even *if* Defendant's statements constituted "technical falsehoods" like those discussed in *Donahue* (and they do not), they would not have misled the "least sophisticated consumer." *Donahue, supra,* 592 F.3d at 1033-1034.

Even the least sophisticated of consumers can easily calculate that the two, smaller balances reported ($58.06 and $69.86) add up to the total amount owed ($127.92). Accordingly, there is simply no way the "least sophisticated consumer" could have been misled. *Id.* at 1033-1034. Consequently, Defendant's statements, whether accurate or somehow "technically" false, were immaterial and, therefore, not actionable under section 1692e. *Id.*

Defendant submits this Court should dismiss Plaintiff's Complaint, and each and every claim therein, with prejudice, because she has failed to sufficiently plead facts constituting a cause of action under section 1692e.

**C.  Plaintiff Has Failed to Satisfy The Pleading Requirements By Stating Facts Sufficient to Support Her Claim for Damages.**

Plaintiff conclusory allegations of standing under the FDCPA do not satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Without any factual support, Plaintiff concludes she is a "consumer" and Defendant is a "debt collector" as those terms are defined under the FDCPA. (Plaintiff's Complaint, ¶¶ 4-5.) In addition, she asserts the debts in question arose from a transaction incurred for "personal, family, or household purposes" without providing any facts to support her conclusory allegation.

These "labels" and "conclusions" amount to nothing more than a "formulaic recitation of the elements of a cause of action" and do not raise Plaintiff's right to relief above the speculative level.

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Twombly, supra,* 550 U.S. at 555. Therefore, Plaintiff has failed to state a claim under the FDCPA which is plausible on its face and her Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* at 555-556; *Iqbal, supra,* 556 U.S. at 678-679.

In addition, Plaintiff also prays for actual damages based on some speculative harm to her credit report. (Plaintiff's Complaint, ¶ 19.) However, Plaintiff has utterly failed to articulate any facts to support her theory that her credit score was somehow more negatively impacted by Defendant's alleged reporting of two, smaller balances rather than one, larger balance.

This type of "unadorned, the-defendant-unlawfully-harmed-me-accusation" has been expressly rejected by the United States Supreme Court. *Iqbal, supra,* 556 U.S. at 678. Naked assertions such as this one, devoid of further factual enhancements, simply do not meet the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure. *Id.* Accordingly, Plaintiff's claim fails to state a cause of action for actual or, indeed, any other damage.

## V.  CONCLUSION

This matter arises out of Defendant's alleged conduct in reporting two separate debts owed for two separate bills for two separate dates of service. Now, Plaintiff seeks to recover damages from Defendant because she believes Defendant should have credit reported the amounts owed as one delinquency rather than two. But Defendant's client referred the amounts for collection separately, and nothing Defendant said was inaccurate or constituted a material misrepresentation. Defendant respectfully requests this Court dismiss Plaintiff's Complaint in its entirety.

Dated: May 8, 2017

ELLIS LAW GROUP LLP

By  */s/ Anthony P. J. Valenti*
    Anthony P. J. Valenti
    Attorney for Defendant
    STATES RECOVERY SYSTEMS, INC.

DEFENDANT STATES RECOVERY SYSTEMS, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT