Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
118 N. Citrus Ave, Suite B
Covina, CA 91723
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
Heather Frierson

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER FRIERSON,<br><br>                Plaintiff,<br><br>      vs.<br><br>STATES RECOVERY SYSTEMS<br><br>                Defendant. | Case No.: 2:17-cv-781-WBS-EFB<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |

**TABLE OF CONTENTS**

**INTRODUCTION**.................................................................................................. **4**
**FACTUAL ALLEGATIONS**................................................................................ **4**
**ARGUMENT**........................................................................................................... **5**
    DEFENDANT'S SPLITTING OF PLAINTIFF'S ACCOUNT INTO TWO COLLECTION TRADELINES VIOLATES THE FDCPA…………………………………………………………..……………….5
    DEFENDANT'S REPORTING WAS NOT ACCURATE …………………………………..…………….6
    DEFENDANT'S REPORTING WAS A MATERIALLY FALSE REPRESENTATION……………..……7
    PLAINTIFF'S COMPLAINT SATISFIES THE PLEADING REQUIREMENTS……………....……10
**CONCLUSION** ..................................................................................................... **11**

# TABLE OF AUTHORITIES

## Cases

*Akalwadi v. Risk Mgmt. Alternatives Inc.*, 336 F. Supp. 2d 492 (D. Md. 2004) ............................ 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................. 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ............................................................ 10

*Bourgeois v. Ocwen Loan Servicing*, 2016 U.S. Dist. LEXIS 7724 at *30 (S.D. Cal. Jan. 21, 2016) ................................................................................................................................. 8

*Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) ................................. 6, 10

*Donohue v. Quick Collect Inc.*, 592 F.3d 1027 (9th Cir. 2010) .................................................. 7

*Edeh v. Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010) .......................... 8

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-249 (9th Cir. 1997) ...................................... 6

*Gustafson v. Experian Info. Solutions Inc.*, 2014 U.S. Dist. LEXIS 70046 (C.D. Cal. Mar. 21, 2014) ................................................................................................................................. 9

*Morris v. Risk Mgmt. Alternatives Inc.*, 203 F.R.D. 336 (N.D. Ill. 2001) .................................. 9

*Pace v. Portfolio Recovery Assocs. LLC¸* 872 F. Supp.3d 2 (E.D. Mo. 2012) ............................ 8

*Parks Sch. Of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) ............................... 6

*Perez v. Telecheck Servs.*, 208 F. Supp. 2d 1153, 1156 (D. Nev. 2002) .................................... 6

*Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 160 (E.D.N.Y. 2005) .................................. 8

*Wright v. Credit Bureau of Georgia Inc.* 555 F. Supp. 1005, 1007 (N.D. Ga. 1983) ................ 8

*Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163 (9th Cir. 2013)………………………………7

## Statutes

15 U.S.C. § 1692e(2)(A) ............................................................................................ 4, 5, 8, 10

15 U.S.C. § 1692e(8) .......................................................................................................... *passim*

Cal. Civil Code § 1788.17 ......................................................................................................... 11

## Rules

Federal Rule of Civil Procedure 12(b)(6) ................................................................................... 6

Plaintiff, Heather Frierson, hereby files this opposition to Defendant's Motion to Dismiss.

## INTRODUCTION

This matter involves a straightforward violation of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). Defendant received an account from Sacramento Municipal Utility District with a balance of $127.92 for collection from Plaintiff. Thereafter, Defendant chose to report the account to credit bureaus, but instead of reporting it properly split the one account into two separate collection accounts, one with a balance of sixty-nine dollars and the other with a balance of fifty-eight dollars. This improper reporting of Plaintiff's alleged debt was a false representation as to the character and amount of Plaintiff's alleged debt in violation of 15 U.S.C. § 1692e(2)(A) and also knowingly reported false credit information in violation of 15 U.S.C. § 1692e(8). Because Defendant violated the FDCPA, it also violated the RFDCPA. Defendant contends that this reporting was accurate or in the alternative that it was not materially false. Defendant's argument is without merit for the reasons set forth below.

## FACTUAL ALLEGATIONS

Plaintiff incurred an alleged debt from the original creditor SMUD under the contract account number ***2013 for the service address of 4907 Mack Rd, Unit 125, Sacramento, California 95283. Pl. Comp. Par. 6 . Upon sending Plaintiff's alleged debt into collections, SMUD charged off a balance of $127.92 allegedly owed to it. *Id.* at Par. 8. The account was sent to Defendant for purposes of collection. *Id.* at Par. 9.

In an attempt to collect, Defendant placed two tradelines on Plaintiff's credit report under two different account numbers, the first account for sixty-nine dollars and the second account for

fifty-eight dollars. *Id.* at Par. 10. When Plaintiff wanted to open a new account with SMUD at a new address, she was informed that she had an outstanding account balance for a prior address and Plaintiff asked for verification of that outstanding balance. *Id.* at Par. 11. In response to Plaintiff's verification request, SMUD sent a letter dated August 17, 2016 stating that Plaintiff owed a balance of $127.92 for account number ***2013. *Id.* at Par. 12. Thereafter, Plaintiff obtained a copy of her credit report and saw that Defendant had placed two tradelines on Plaintiff's credit report under two different account numbers, the first account for sixty-nine dollars and the second account for fifty-eight dollars. *Id.* at Par. 13.

On August 30, 2016, after learning of Defendant's incorrect reporting, Plaintiff sent a dispute letter to Defendant. *Id.* at Par. 14. On October 11, 2016, Defendant sent Plaintiff a response stating "attached find the documentation provided by our client that substantiates the obligation that is assigned for collection." *Id.* at Par. 15. The documentation provided by Defendant in its October 11, 2016 correspondence however did not validate that there were two accounts in the amounts of sixty-nine dollars and fifty-eight dollars respectively, but instead showed the existence of one account at one service address in the amount of $127.92 for an account number ending in 2013. *Id.* at Par. 16. This correspondence is attached herein as Exhibit A. As the alleged debt involves one account number with a balance of $127.92 owed to SMUD, Defendant improperly reported the account by splitting it into two different tradelines on Plaintiff's credit report. *Id.* at Par. 17. Defendant failed to correct its erroneous tradelines on Plaintiff's credit report in response to Plaintiff's dispute when it communicated with the credit bureaus regarding the debt in September 2016. *Id.* at Par. 18.

## **ARGUMENT**

### **DEFENDANT'S SPLITTING OF PLAINTIFF'S ACCOUNT INTO TWO COLLECTION TRADELINES VIOLATES THE FDCPA**

The FDCPA prohibits debt collectors from making any false representation as to the character, amount, or legal status of any debt, 15 U.S.C. § 1692e(2)(A), and from communicating to any person credit information which is known or should be known to be false, 15 U.S.C. § 1692e(8). Defendant contends it did not violate these provisions and argues first that the reporting was in fact accurate and second that even if it was false, it was immaterial. *See* Def. Br. at 1-2.

As Defendant has made a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). "A complaint should not be dismissed unless a plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Parks Sch. Of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Because of the liberal pleading standards under Federal Rules of Civil Procedure Rule 8 requiring only "a short and plain statement of the claim," there exists "a powerful presumption against rejecting pleadings for failure to state a claim." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-249 (9th Cir. 1997).

As a result, the question before this Court is whether "the Plaintiff has proven or could prove a set of facts that would support her claim that Defendant violated the FDCPA by communicating false information." *Perez v. Telecheck Servs.*, 208 F. Supp. 2d 1153, 1156 (D. Nev. 2002).

## **DEFENDANT'S REPORTING WAS NOT ACCURATE**

Defendant claims the reporting was accurate because it was "based upon two separate SMUD bills for two different dates of utility services." Def Br. at 1. However, critically, SMUD makes no such distinction. Both the letter to Plaintiff dated August 17, 2016 and the

correspondence provided by Defendant to Plaintiff in its letter dated October 11, 2016 characterize Plaintiff's alleged debt as an outstanding balance of $127.92 under one account number, ***2013, and one service address of 4907 Mack Road, Unit 125, Sacramento, California 95823.

In its letter dated October 11, 2016, Defendant states "attached find the documentation provided by our client." *See* Exhibit A. As this documentation confirms the outstanding balance of $127.92, there is no documentation to support Defendant's assertion that splitting up Plaintiff's account into two collection tradelines constitutes accurate reporting as it is clearly contrary to the way SMUD treated Plaintiff's account.[1]

## **DEFENDANT'S REPORTING WAS A MATERIALLY FALSE REPRESENTATION**

Defendant next claims that even if the reporting was false, the misrepresentations do not violate the FDCPA because they were not material. Defendant asserts that *Donohue v. Quick Collect Inc.*, 592 F.3d 1027 (9th Cir. 2010), proves as much, but *Donohue* is inapposite to the facts of this case.

In *Donohue*, a complaint stated that Donohue owed an interest payment of $32.89 calculated by applying 12% annual interest to the principal owed but in fact the $32.89 was actually comprised of two components: $24.07 in pre-assignment finance charges assessed by the original creditor calculated at the rate of 1.5% per month, and $8.82 in post-assignment interest calculated at an annual rate of 12%. *Id.* at 1031. The *Donohue* court concluded that the falsehood was immaterial because it did not affect her ability to choose how to proceed regarding

---

[1] Defendant states in its memorandum that "these two separate balances were separately referred, by dates of service, to Defendant for collection on June 16, 2015." *See* Def. Br. at 4. However, Defendant provides no documentation to back up this assertion, but the accuracy of such an assertion would be properly explored in discovery as opposed to a motion to dismiss for failure to state a claim for which all well pleaded facts in the complaint are accepted as true and construed in the light most favorable to the nonmoving party. *See, e.g.*, *Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163 ((9th Cir. 2013).

7

her debt. *Id.* at 1034. However, *Donohue* was not a credit reporting case which presents materially different circumstances than those at issue in *Donohue.*

By splitting Plaintiff's one account into two separate tradelines, Defendant falsely represented the character and amount of the alleged debt to the credit bureaus in violation of 15 U.S.C. § 1692e(2)(A) and knowingly reported false credit information in violation of 15 U.S.C. § 1692e(8). It is well established that accounts in collections on a credit report will result in a negative impact on an individual's credit report. *See e.g.*, *Pace v. Portfolio Recovery Assocs. LLC*¸ 872 F. Supp.3d 2 (E.D. Mo. 2012). By falsely turning one collection account into two collection accounts, Defendant further negatively impacted Plaintiff's credit report in an attempt to induce payment. *See Edeh v. Midland Credit Mgmt.*, 748 F. Supp. 2d 1030, 1035 (D. Minn. 2010) ("This Court has learned, through its work on countless FDCPA cases, that threatening to report and reporting debts to CRAs is one of the most commonly-used arrows in the debt collector's quiver.").

It is a "well-known fact, recognized by all consumers, regardless of the degree of their sophistication, that a failure to pay one's bills will affect his ability to obtain credit in the future." *Wright v. Credit Bureau of Georgia Inc.* 555 F. Supp. 1005, 1007 (N.D. Ga. 1983). The FDCPA permits a debt collector to report a delinquent debt to a credit report. *Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 160 (E.D.N.Y. 2005) (debt collector's statement that it will report unpaid accounts to credit bureaus after 30 days does not violate FDCPA as it simply reflects the debt collector's policy and reinforces "the widely known fact that failure to pay debts that are owed might adversely affect one's credit rating and ability to obtain credit."). However, the FDCPA does prohibit false information from being reported to a credit report. *See Bourgeois v. Ocwen Loan Servicing*, 2016 U.S. Dist. LEXIS 7724 at *30 (S.D. Cal. Jan. 21, 2016) ("Under the

FDCPA, an allegation that a debt collector provided false credit reporting to the credit reporting agencies can violate § 1692e(8)."). In fact, courts have concluded that double reporting a debt is a violation of the FDCPA.

In *Akalwadi v. Risk Mgmt. Alternatives Inc.*, 336 F. Supp. 2d 492 (D. Md. 2004), the debt collector reported two outstanding debts with a balance of $5,071 when in fact there was only one. The *Akalwadi* court concluded that "a debt collector's reporting of a consumer's debt to a credit reporting agency would be covered by FDCPA § 1692e if the communication is false, deceptive, or misleading." *Id.* at 21. Since Risk Management Alternatives Inc. ("RMA") reported one debt to Equifax twice under two separate account numbers, the court concluded "RMA's double reporting of the same debt twice to Equifax is a false representation of the character and amount of Akalwadi's Enterprise-related debt." *Id.* at *21-22.

In *Gustafson v. Experian Info. Solutions Inc.*, 2014 U.S. Dist. LEXIS 70046 (C.D. Cal. Mar. 21, 2014), the plaintiff obtained a copy of her credit report and discovered two tradelines from Systems & Service Technologies ("SST") for $705. The plaintiff alleged violations of the FDCPA based on the double reporting, which SST claimed was not actionable under the FDCPA. *Id.* at *11-12. However, the *Gustafson* court rejected that argument concluding "if [plaintiff] is correct that the double entries are not accurate, then that reporting would constitute a 'false, deceptive, or misleading representation actionable under the FDCPA.'" *Id.* at *12.

In *Morris v. Risk Mgmt. Alternatives Inc.*, 203 F.R.D. 336 (N.D. Ill. 2001), the court granted class certification for violations of 15 U.S.C. S 1692e(2) and 15 U.S.C. § 1692e(8) based on the fact that RMS reported a debt owed by the plaintiff under two different account numbers resulting in two tradelines.

Defendant split Plaintiff's account in two and posted two collections tradelines on Plaintiff's credit report when in fact there was only one account. This representation was knowingly false because it was contrary to the documentation from the original creditor and therefore violates 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692e(8) just as if Defendant had reported the full balance twice in two separate tradelines.

## **PLAINTIFF'S COMPLAINT SATISFIES THE PLEADING REQUIREMENTS**

Defendant contends Plaintiff's allegations are too conclusory to satisfy the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure. Notably, apart from citations to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), for the governing standard at a high level of generality, Defendant cites to no authority for its claim that Plaintiff's Complaint does not sufficiently plead an FDCPA complaint because none exists.

Plaintiff's Complaint pleads that consumer is a natural person and that the principal purpose of Defendant's business is debt collection. Both of these factual statements are not even disputed by Defendant and entitled to the presumption of truth for purposes of a motion to dismiss. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996) Defendant also claims that Plaintiff provides no facts to show that the debt in question arose from a transaction incurred for personal, family, or household purposes, but that is simply incorrect as Plaintiff identifies the nature of the debt in question as stemming from Sacramento Municipal Utility District. Pl. Comp. at Par. 6. Moreover, Defendant placed the SMUD account falsely placed as two collections accounts on Plaintiff's personal credit report, further demonstrating that Plaintiff is a consumer, Defendant is a debt collector, and this alleged debt was a personal utility bill. All

of these factual allegations are entitled to the presumption of truth on a motion to dismiss and accordingly Plaintiff's complaint sufficiently pleads an FDCPA violation.[2] *Id.*

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss for failure to state a claim should be denied.

Dated: May 30, 2017

                                                                       RESPECTFULLY SUBMITTED,

                                                                       By: *Rory Leisinger*
                                                                       Rory Leisinger, Esq.
                                                                       118 N. Citrus Ave, Suite B
                                                                       Covina, CA 91723
                                                                       Tel: 626-290-2868
                                                                       Rory@leisingerlaw.com
                                                                       Attorney for Plaintiff,
                                                                       Heather Frierson

---

[2] Because Plaintiff's Complaint sufficiently pleads an FDCPA violation, it has also sufficiently pled an RFDCPA violation. *See* Cal. Civil Code § 1788.17 § 1788.17 ("Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code.").

**CERTIFICATE OF SERVICE**

I certify that on May 30, 2017, a copy of the foregoing was served on Respondent's Counsel, via ECF.

s/ Rory Leisinger  
Rory Leisinger