UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| HEATHER FRIERSON, | CIV. NO. 2:17-0781 WBS EFB |
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| v. | |
| STATES RECOVERY SYSTEMS, | |
| Defendant. | |

----oo0oo----

Plaintiff Heather Frierson brought this action against defendant States Recovery Systems, alleging that defendant violated federal and California law when it reported her unpaid utility bills to a credit reporting agency as two separate debts, instead of one. (Compl. (Docket No. 1).) Before the court is defendant's Motion to dismiss plaintiff's Complaint. (Def.'s Mot. (Docket No. 4).)

I. Factual and Procedural Background

From June through August 2015, plaintiff incurred $127.92 in charges to the Sacramento Municipal Utility District

1

("SMUD"). (See Compl. ¶¶ 6, 17; Pl.'s Opp'n Ex. A, SMUD Bill (Docket No. 5-1).) After plaintiff failed to pay such charges, SMUD referred the charges to defendant for collection.[1] (See Compl. ¶ 9.)

In or around August 2016, plaintiff attempted to open a new account with SMUD at a new address. (See id. ¶¶ 11-12.) At that time, SMUD informed her that she had an unpaid balance of $127.92 remaining on her previous account. (See id.) Plaintiff then obtained a copy of her credit report and saw that defendant had reported her SMUD debt to a credit reporting agency. (Id. ¶ 13.) The debt was listed on the credit report as two separate tradelines[2]--one for $58.06 and one for $69.86, corresponding to charges plaintiff incurred for the June through July and July through August 2015 billing cycles, respectively. (See id.; SMUD Bill.[3]) Reporting her SMUD debt as two tradelines instead of one, plaintiff alleges, lowered her credit score. (Compl. ¶ 19.)

Plaintiff thereafter filed this action, alleging that defendant made a "false, deceptive, or misleading representation" under the federal Fair Debt Collection Practices Act ("federal

---

[1] Plaintiff refers to the charges as an "alleged debt" throughout her Complaint. (See Compl. ¶¶ 6-9, 17.) She does not allege that she did not incur or paid such charges, however. The court's understanding is that plaintiff does not dispute that she owes the charges.

[2] "A 'tradeline' is an entry for a debt which is listed in a consumer credit report." Kohut v. Trans Union LLC, No. 04 C 2854, 2004 WL 1882239, at *1 (N.D. Ill. Aug. 11, 2004).

[3] Plaintiff incurred $67.92 in charges for the June through July 2015 billing cycle. (SMUD Bill.) The tradeline corresponding to that cycle appears to have applied two low-income tax credits that plaintiff received in determining plaintiff's debt for that cycle to be $58.06. (See id.)

2

FDCPA"), 15 U.S.C. § 1692e, and California Fair Debt Collection Practices Act ("California FDCPA"), Cal. Civ. Code § 1788.17, when it reported her SMUD debt to a credit reporting agency as two tradelines instead of one. (See Compl. at 4-5.) She brings causes of action against defendant for unlawful debt collection practice under the federal FDCPA and California FDCPA.[4] (See id.) Defendant now moves to dismiss plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot.)

II. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 67. An "absence of sufficient facts alleged under a cognizable legal theory" is grounds for dismissal under Rule 12(b)(6). Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

///

---

[4] Plaintiff brings two causes of action under the federal FDCPA--one under subsection (2) of 15 U.S.C. § 1692e ("section 1692e") and another under subsection (8) of that statute. (Compl. at 4.) The court construes and will refer to the two causes of action as a single cause of action under section 1692e, as subsections (2) and (8) of section 1692e provide non-exhaustive examples of violations of section 1692e, and plaintiff appears to refer to section 1692e generally in her Complaint. (See id. ¶¶ 1, 25.)

III. Discussion

15 U.S.C. § 1692e ("section 1692e") prohibits debt collectors from making "false, deceptive, or misleading representation[s] . . . in connection with the collection of any debt." Courts in this circuit and others have interpreted "collection of any debt" to encompass reporting debts to credit reporting agencies. See Gustafson v. Experian Info. Sols. Inc., No. 2:14-CV-1453 ODW EX, 2014 WL 2115210, at *4 (C.D. Cal. May 21, 2014); Akalwadi v. Risk Mgmt. Alternatives, Inc., 336 F. Supp. 2d 492, 503 n.4 (D. Md. 2004). Thus, the dispositive question with respect to plaintiff's federal FDCPA claim, and, by extension, plaintiff's California FDCPA claim,[5] is whether defendant made a "false, deceptive, or misleading representation" under section 1692e when it reported plaintiff's SMUD debt to a credit reporting agency as two tradelines instead of one. (See Def.'s Mot., Mem. at 6-7 (Docket No. 4-1); Pl.'s Opp'n at 6-7 (Docket No. 5).)

Plaintiff does not cite, and the court is not aware of, a case that has held that reporting multiple tradelines for debt incurred from a single billing account is, without more, "false, deceptive, or misleading." The court is only aware of three cases that have ruled on section 1692e claims involving multiple

---

[5] The parties agree that plaintiff's California FDCPA claim is derivative of plaintiff's federal FDCPA claim. See (Def.'s Mot., Mem. at 3 (Docket No. 4-1); Pl.'s Opp'n at 11 n.2 (Docket No. 5)); Cal. Civ. Code § 1788.17 (requiring that debt collectors comply with "Sections 1692b to 1692j . . . of, Title 15 of the United States Code").

4

tradelines being reported for a single billing account.[6] Each of those cases supports, or is consistent with, the proposition that where multiple tradelines are reported for a single billing account, but the information reported in such tradelines is accurate, no section 1692e claim is established.

In Kohut v. Trans Union LLC, No. 04 C 2854, 2004 WL 1882239 (N.D. Ill. Aug. 11, 2004), a debtor sued a debt collector for reporting a second tradeline on a loan he defaulted on after his loan holder had already reported a tradeline on that loan. Id. at *1. The second tradeline was a duplicate of the first, stating the same balance the first had stated. Id. Acknowledging that the practice of reporting multiple tradelines on loans "is detrimental to consumers [because] credit scoring systems assess the total number of tradelines when calculating credit scores," the Kohut court nevertheless dismissed the debtor's section 1692e claim because the debtor did "not claim that the information [in the second tradeline] was itself inaccurate . . . instead [claiming only] that the effect of that report--the double entry--was inaccurate." Id. at *1-3.

In Gustafson v. Experian Info. Sols. Inc., No. 2:14-CV-01453 ODW EX, 2015 WL 3477071 (C.D. Cal. June 2, 2015), a debtor sued a debt servicer for reporting two tradelines on a credit card account she defaulted on--one on behalf of the debtor's original creditor, and another on behalf of another creditor who

---

[6] Plaintiff cites Morris v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 336 (N.D. Ill 2001) for the proposition that reporting multiple tradelines for a single billing account violates section 1692e. Morris dealt only with class certification and did not rule on the merits of a section 1692e claim. See id. at 345.

5

purchased the debtor's account from the original creditor. Id. at *1. The first tradeline stated a balance of $0 and noted that the debtor's account had been sold to the second creditor, and the second tradeline stated that the debtor owed a balance of $705. Id. at *1, 6. The Gustafson court granted judgment to the debt servicer on the debtor's section 1692e claim on grounds that "[n]one of the credit reports submitted by [the debt servicer] report[ed] any inaccurate or misleading information."[7] Id. at *6-7.

In Akalwadi v. Risk Mgmt. Alternatives, 336 F. Supp. 2d 492, which plaintiff cites in her Opposition, a debtor sued a debt collector for reporting two tradelines on a debt he owed. Id. at 498. The tradelines were duplicates of each other, each stating that the debtor owed a balance of $5,070.81. Id. at 497-98. The debtor and debt collector each moved for summary judgment on the debtor's section 1692e claim. Id. at 501-02. The court denied both parties' motions on grounds that there was a triable issue of fact as to whether the amount of debt stated

---

[7] Plaintiff cites Gustafson v. Experian, 2014 WL 2115210, an earlier decision in the Gustafson litigation that had denied the debt servicer's motion to dismiss the debtor's section 1692e claim, in her Opposition. (See Pl.'s Opp'n at 9.) That decision is not inconsistent with the subsequent Gustafson decision discussed in this Order, as the Gustafson court assumed as true the debtor's allegation that the information reported in the debt servicer's tradelines was false for purposes of the earlier Gustafson decision. See Gustafson, 2014 WL 2115210, at *4. In the subsequent Gustafson decision, the Gustafson court found that the information reported in the debt servicer's tradelines was, in fact, accurate, and, accordingly, ruled for the debt servicer on the debtor's section 1692e claim. See Gustafson, 2015 WL 3477071, at *6-7.

6

in the tradelines was accurate.[8]  Id. at 502-03.

Kohut and Gustafson each support the proposition that where multiple tradelines are reported for a single billing account, but the information reported in the tradelines is accurate, no section 1692e claim is established.  While Akalwadi did not address that proposition because it found that the tradelines in question may have reported inaccurate information, it does not contradict that proposition.

In view of the cases discussed above, the court finds that plaintiff has failed to state a section 1692e claim.  Plaintiff claims that defendant reported two tradelines for her SMUD debt, but does not claim that the information reported in the tradelines--namely, that she incurred charges of $58.06 and $69.86 for the June through July and July through August 2015 billing cycles and owes a total of $127.92 to SMUD--is inaccurate.  The fact that defendant reported two tradelines for plaintiff's SMUD debt is, without more, insufficient to establish a section 1692e claim under Kohut and Gustafson.  While the court is not prepared to say that reporting multiple tradelines for a single billing account can never itself give rise to a section 1692e claim, as Kohut and Gustafson appear to suggest, it does

---

[8]  The Akalwadi court noted that the debt collector's "double reporting of the same debt . . . is a false representation of the character and amount of [that] debt." Akalwadi, 336 F. Supp. 2d at 503.  That comment appears to be dictum, however, as it was not necessary to the Akalwadi court's denial of the debt collector's motion, and the Akalwadi court did not grant the debtor's motion because there was a triable issue of fact as to whether the debt collector implemented reasonable procedures to avoid double reporting debts.  See id. at 503-04.  In any event, plaintiff is not alleging that defendant "double report[ed] . . . the same debt" in this case.

```
 1  find that doing so did not give rise to a section 1692e claim in
 2  this case, as the two tradelines reported in this case were based
 3  on separate bills incurred for separate billing cycles, a basis
 4  for separating tradelines that the court does not find to be
 5  "false, deceptive, or misleading."  Accordingly, plaintiff has
 6  failed to state a claim under section 1692e, and the court will
 7  dismiss her Complaint.
 8           IT IS THEREFORE ORDERED that defendant's Motion to
 9  dismiss plaintiff's Complaint be, and the same hereby is,
10  GRANTED.  Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.
11           Plaintiff has twenty days from the date this Order is
12  signed to file an amended Complaint, if she can do so consistent
13  with this Order.
14  Dated:  June 12, 2017
```

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE